■ JOHN AMBLE, Individually and as Administrator of the Estate of SANDRA AMBLE, Deceased, Appellant, et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants, and CARLTON GARDENS HOUSING Co., INC., et al., Respondents.—In an action to recover damages for wrongful death, etc., the plaintiff John Amble appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated May 12, 1988, which granted the motion of the defendants Carlton Gardens Housing Co., Inc. and Two Trees, Inc. for summary judgment dismissing the complaint as against them.

Ordered that the order is affirmed, with costs.

On January 1, 1984, John Amble, and his wife, Sandra,

attended a New Year's party at the apartment of Phyllis and Vernon Tewari, located in premises owned and operated by the defendants Carlton Gardens Housing Co., Inc., and Two Trees, Inc. During the party, a bulb in the Tewaris' Christmas tree exploded and fire spread rapidly throughout the room. Sandra Amble, who was in the kitchen of the apartment, died as a result of the fire. The remaining guests had scrambled for the door and were able to escape.

John Amble commenced an action against, among others, the owner and manager of the premises, alleging that they were negligent in failing to install a functioning smoke detector in the Tewaris' apartment. We, however, find that the Supreme Court properly dismissed the complaint as against these defendants, since the alleged absence of a smoke detector was not a proximate cause of the death of Sandra Amble.

Initially, we note that the record establishes that a melted smoke alarm was found at the scene of the fire. Moreover, the property manager of the subject premises testified, at an examination before trial, that a smoke detector was installed in the Tewaris' apartment in November 1983. Even assuming that this smoke alarm was nonfunctional on the date in question, the record reveals that Sandra Amble, an invalid who wore a brace on her right leg, was trapped in the kitchen for some time before she succumbed to the blaze. Indeed, a report prepared by the Bureau of Fire Investigation indicated that an off-duty fireman attempted to assist the decedent but could not drag her out of the apartment because she was extremely heavy. This report additionally stated that "[S]moke detector implications were not a factor" which contributed to the death of Sandra Amble.

Based upon the foregoing, we conclude that Carlton Gardens Housing Co., Inc., and Two Trees, Inc., sufficiently established their defense so as to warrant the entry of a judgment in their favor as a matter of law (see, CPLR 3212 [b]; *Farkas v Cedarhurst Natural Food Shoppe*, 51 AD2d 793). Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.