■ HERNAN PENA, Appellant, v WILLIE A. ALLEN et al., Respondents. [707 NYS2d 643] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered May 7, 1999, which granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff failed to sustain a serious injury within the meaning of Insurance Law § 5102 (d) and denied his motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Suffolk County, for a trial on the issue of damages.

The admissible medical evidence submitted by the defendants in support of their cross motion consisted of reports prepared by the plaintiff's physicians, Dr. Robert W. Jamison, Dr. Martin A. Lehman, and Dr. Seth Steinman. Those reports were based upon examinations performed before the subject accident and

indicated that the plaintiff had previously sustained injuries to his spine. However, they failed to make out a prima facie case that the subject accident did not exacerbate those injuries or result in new ones (*see, Mendola v Demetres,* 212 AD2d 515).

The plaintiffs established a prima facie showing of negligence. The defendant Willie A. Allen, the operator of the vehicle which struck the plaintiff's vehicle in the rear, was under a duty to maintain a safe distance between his vehicle and the plaintiff's vehicle (*see,* Vehicle and Traffic Law § 1129 [a]). The failure to do so, in the absence of a nonnegligent explanation, constituted negligence as a matter of law (*see, Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833). The defendants' allegation that the plaintiff's car stopped short was insufficient to raise a triable issue of fact (*see, Leal v Wolff,* 224 AD2d 392). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.