■ NILSA ENAMORADO, Appellant, v KHR HOLDING CO., LLC, et al., Respondents. [805 NYS2d 114]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated November 5, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff commenced this action to recover damages she allegedly sustained when she slipped while walking in the hallway of a building owned and managed by the defendants. After issue was joined and significant disclosure was completed, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. We reverse.

A property owner may be held liable for a dangerous or defective condition on the property if the owner created the condition or had actual or constructive notice of it (see Marino v Stop & Shop Supermarket Co., 21 AD3d 531 [2005]). However, "in the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be shiny or slippery does not support a cause of action to recover damages for negligence, nor does it give rise to an inference of negligence" (Guarino v La Shellda Maintenance Corp., 252 AD2d 514, 515 [1998]; see Ventriglio v Staten Is. Univ. Hosp., 6 AD3d 525, 526 [2004]; Santantonio v Stop & Shop, 5 AD3d 659, 660 [2004]).

Contrary to the defendants' contention, the plaintiff's testimony at her deposition did not demonstrate, prima facie, that the sole proximate cause of her slip was the presence of a non-negligent application of wax or polish on the floor of the hallway. Thus, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law on such ground. In any event, in opposition to the motion, the plaintiff submitted a sworn statement of a witness that was sufficient to raise a triable issue of fact as to whether a proximate cause of her slip was a dangerous or defective condition on the floor of the hallway other than an application of wax or polish which the defendants created or of which they had actual or constructive notice (see Marino v Stop & Shop Supermarket Co., supra). The sworn statement was not tailored merely to raise a feigned factual issue designed to avoid the consequences of the plaintiff's earlier deposition testimony and prevent summary judgment,

but was consistent with and supported the version of events related in her testimony (*cf. Israel v Fairharbor Owners, Inc.*, 20 AD3d 392 [2005]). Thus, the defendants' motion for summary judgment dismissing the complaint should have been denied. Crane, J.P., Ritter, Goldstein and Lifson, JJ., concur.