■ Patricia Morrison, Respondent, v Pantelis Montzoutsos et al., Appellants, and Denner Haber Cab Corp. et al., Respondents. [835 NYS2d 713]—

In an action to recover damages for personal injuries, the defendants Pantelis Montzoutsos and Jerry Appiah appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Balter, J.), dated October 16, 2006, as granted that branch of the plaintiff's motion which was for summary judgment against them on the issue of liability, and denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants Pantelis Montzoutsos and Jerry Appiah, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly was injured while she was a passenger in a vehicle owned by the defendant Denner Haber Cab Corp. and operated by the defendant George Vega, which rear-ended a vehicle owned by the appellant Pantelis Montzoutsos and operated by the appellant Jerry Appiah.

Contrary to the appellants' contentions, the Supreme Court properly denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the moving vehicle and imposes a duty on that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (see Rainford v Sung S. Han, 18 AD3d 638, 639 [2005]; Niyazov v Bradford, 13 AD3d 501 [2004]; Russ v Investech Sec., 6 AD3d 602 [2004]). Here, the appellants established their prima facie entitlement to judgment as a matter of law by showing that the other vehicle struck their vehicle in the rear. However, Vega and Denner Haber Cab Corp. rebutted that prima facie showing by adducing evidence

that the accident resulted from Appiah's sudden and unexplained stop in the left lane of the roadway without giving a proper signal (*see Purcell v Axelsen,* 286 AD2d 379 [2001]; *Colonna v Suarez,* 278 AD2d 355 [2000]; *Maschka v Newman,* 262 AD2d 615 [1999]).

Since there are triable issues of fact as to the appellants' liability for the plaintiff's alleged injuries, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment against the appellants on the issue of liability (*see Martinez v Mendon Leasing Corp.,* 295 AD2d 408, 409 [2002]; *Mundo v City of Yonkers,* 249 AD2d 522, 523 [1998]). Miller, J.P., Angiolillo, Carni and Dickerson, JJ., concur.