■ AUDREY SEGRELL, Respondent, v CITY OF NEW YORK, Respondent, and MYONG HWAN KIM et al., Appellants. [844 NYS2d 109]—

In an action to recover damages for personal injuries, the defendants Myong Hwan Kim, Sung Kim, and K & H Gourmet Grocery Store appeal from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated June 28, 2006, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff tripped and fell over a brick on the sidewalk in front of the appellants' property on Prospect Park West in Brooklyn, which, according to her deposition testimony, was "jutting up." Years earlier, as part of a neighborhood improvement project, red bricks had been installed on a three-block stretch of Prospect Park West, which included the location where the accident occurred.

In support of their motion for summary judgment, the appellants relied upon, inter alia, the deposition testimony of the appellant Myong Hwan Kim, wherein he acknowledged that, because bricks in front of his store had been "lifting up," either he or an employee would remove them and clean out the dust underneath, before replacing the bricks on the sidewalk. This testimony raised a triable issue of fact (see CPLR 3212 [b]) as to whether the appellants created the allegedly dangerous condition that caused the plaintiff to trip and fall (see *Alekperova v Yuger*, 29 AD3d 610, 611 [2006]). There is also a triable issue of fact as to whether the appellants' use of the sidewalk pursuant to their "stoop license" created a special use which was a proximate cause of the accident. Accordingly, the appellants failed to establish their prima facie entitlement to judgment as a matter of law and the Supreme Court properly denied their

motion (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Miller, J.P., Goldstein, Skelos and Balkin, JJ., concur.