■ ESNIDIA ANDRINI, Respondent, v FRANK NAVARRA et al., Appellants. [856 NYS2d 145]—

In order to prevail on their motion for summary judgment in this action involving a fall upon an allegedly defective stairway, the defendants were " 'required to establish as a matter of law that they maintained the property in question in a reasonably safe condition and that they neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof' " (*see Mokszki v Pratt,* 13 AD3d 709, 710 [2004], quoting *Richardson v Rotterdam Sq. Mall,* 289 AD2d 679, 679 [2001]; *Hyman v Queens County Bancorp,* 307 AD2d 984, 986 [2003], *affd* 3 NY3d 743 [2004]). To give rise to constructive notice, a defect must be visible and apparent and must exist for a sufficient length of time before the accident to permit the defendant to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]). Only after the defendants have satisfied their threshold burden will the court examine the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Soto-Lopez v Board of Mgrs. of Crescent Tower Condominium,* 44 AD3d 846 [2007]).

Here, the defendants failed to submit evidence sufficient to make a prima facie showing of entitlement to judgment as a matter of law. Thus, the Supreme Court properly denied their motion for summary judgment dismissing the complaint.

The defendants' remaining contentions are without merit. Rivera, J.P., Ritter, Carni and Leventhal, JJ., concur.