■ MARIA BARCO, Appellant, v GREEN BUS LINES, INC., Respondent, et al., Defendant. [879 NYS2d 564]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Cullen, J.), dated March 7, 2008, which granted the motion of the defendant Green Bus Lines, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint insofar as asserted against the respondent is denied.

The plaintiff Maria Barco allegedly was injured when she slipped and fell on a wet floor in the aisle of a bus. The plaintiff commenced the instant action to recover damages for personal injuries alleging, inter alia, that the defendant Green Lines Bus, Inc. (hereinafter Green Bus), negligently maintained the bus.

Green Bus moved for summary judgment dismissing the complaint insofar as asserted against it based upon the plaintiff's deposition testimony and the deposition testimony of the bus driver. At her deposition, the plaintiff was asked, "After the accident, did you make any observations about the aisle where you slipped?" and she replied "No." However, when asked if she saw anything on the floor, she responded "Yes, it was all wet." When asked how much of the floor was wet, she stated that "it was all wet." In his deposition, the bus driver testified that the accident occurred on the first run of the day, after the bus had been cleaned, and the floor was clean and dry.

In opposition, the plaintiff submitted her personal affidavit stating that after she fell, she examined the condition of the aisle and noted that the aisle was uniformly wet along the entire length of the aisle "just as if it had been mopped." She further stated that she could see mop streaks and the floor smelled like it had just been cleaned.

The Supreme Court granted Green Bus's motion finding, inter alia, that the plaintiff's affidavit in opposition presented a feigned factual issue.

There are triable issues of fact which preclude the granting of summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Contrary to Green Bus's contention, the statements in the plaintiff's affidavit are consistent with her prior deposition testimony that the aisle was "all wet," and therefore do not create a feigned factual issue (*see Enamorado v KHR Holding Co., LLC*, 24 AD3d 411 [2005]).

Green Bus's remaining contentions are either unpreserved for appellate review or without merit. Rivera, J.P., Santucci, Chambers and Hall, JJ., concur.