■ JOHN GLEASON, Respondent, v CITY OF NEW YORK, Respondent-Appellant, ARROW STEEL WINDOW CORP., et al., Appellants-Respondents, and PEERLESS PRODUCTS, INC., Respondent. [892 NYS2d 161]—

On January 31, 2002 the plaintiff, a police officer, was open-

ing a window in the men's locker room of the 78th Police Precinct in Brooklyn, when the bottom pane of the window fell out of its frame, striking and injuring him. The window was manufactured by the defendant Peerless Products, Inc. (hereinafter Peerless). The premises were owned by the defendant City of New York. The window was installed pursuant to a contract between the defendant Arrow Steel Window Corp. (hereinafter Arrow) and the City. The actual installation work was performed by the defendant E.C. Contracting, Inc. (hereinafter E.C.), pursuant to an oral agreement between Arrow and E.C.

The plaintiff commenced the instant action against the City, Arrow, E.C. (hereinafter collectively the defendants), and Peerless, alleging, inter alia, common-law negligence, and a cause of action based upon General Municipal Law § 205-e, which was later withdrawn by the plaintiff. The City asserted cross claims against Arrow, E.C., and Peerless, and Peerless asserted cross claims against Arrow, E.C., and the City.

After issue was joined, Arrow and E.C. separately moved, and the City cross-moved, for summary judgment. In the order appealed and cross-appealed from, the Supreme Court, inter alia, denied those branches of the separate motions of Arrow and E.C., and the City's cross motion, which were for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against each of them, and all cross claims asserted against each of them.

On its motion for summary judgment, the City, as owner of the property where the accident occurred, was required to establish as a matter of law that it neither created the dangerous condition which caused the accident, nor had actual or constructive notice of such condition (*see Andrini v Navarra*, 49 AD3d 575 [2008]; *Keese v Imperial Gardens Assoc., LLC*, 36 AD3d 666, 668 [2007]). Only after this threshold burden has been met will the court examine the sufficiency of the plaintiff's submissions in opposition (*id.*). To give rise to constructive notice, a defect must be visible and apparent and must exist for a sufficient length of time before the accident to permit the defendant to discover and remedy it (*see Andrini v Navarra*, 49 AD3d 575 [2008], citing *Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]).

The evidence showed that there was a gap between the window frame and the wall, which existed for a sufficient length of time before the accident to permit the City to discover and remedy it. However, the evidence submitted by the defendants was sufficient to establish prima facie that this gap did not affect the security of the window. In opposition, the plaintiff

submitted his personal affidavit, stating that the gap caused the window frame to flex and allowed the window to come out. This was sufficient to raise a triable issue of fact as to constructive notice. The affidavit was not inconsistent with the plaintiff's deposition testimony as to how the accident occurred and, therefore, did not constitute an attempt to create a feigned issue of fact (*see Barco v Green Bus Lines, Inc.,* 62 AD3d 923, 924 [2009]; *Nembhard v Mount Vernon City School Dist. Bd. of Educ.,* 300 AD2d 456 [2002]).

Arrow and E.C. failed to establish, as a matter of law, that their alleged negligence did not contribute to the accident (*see Segrell v City of New York,* 44 AD3d 929 [2007]).

The defendants' remaining contentions are without merit. Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur. 