■ MARITZA VARGAS et al., Respondents, v LUXURY FAMILY CORP. et al., Appellants. [908 NYS2d 744]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated March 17, 2009, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is denied.

On December 5, 2007, on Bushwick Avenue in Brooklyn, near its intersection with Moffat Street, a vehicle owned and operated by the plaintiff Maritza Vargas, in which the plaintiff Ruben Vargas was a passenger, was struck in the rear by a vehicle operated by the defendant SM Tanvir Uddin (hereinafter Uddin) and owned by the defendant Luxury Family Corp.

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Klopchin v Masri*, 45 AD3d 737, 737 [2007]; *see Hakakian v McCabe*, 38 AD3d 493 [2007]). Here, the plaintiffs satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law on the issue of liability by demonstrating that their vehicle was stopped or stopping when it was struck in the rear by the vehicle operated by Uddin. In opposition, the defendants submitted, inter alia, Uddin's affidavit, wherein he stated that because of slippery road conditions resulting from falling snow, he was traveling well below the speed limit approximately two to three car lengths behind

Vargas's vehicle, when Vargas's vehicle stopped suddenly and without warning in the lane of traffic for no apparent reason. Uddin applied his brakes, but was unable to stop before striking Vargas's vehicle in the rear. Thus, the defendants raised triable issues of fact as to whether Vargas negligently operated the vehicle and caused the accident (*see Foti v Fleetwood Ride, Inc.*, 57 AD3d 724, 725 [2008]; *Delayhaye v Caledonia Limo & Car Serv., Inc.*, 49 AD3d 588 [2008]; *Klopchin v Masri*, 45 AD3d at 738; *Morrison v Montzoutsos*, 40 AD3d 717, 717-718 [2007]; *Brodie v Global Asset Recovery, Inc.*, 12 AD3d 390 [2004]). Accordingly, the Supreme Court should have denied the plaintiffs' motion for summary judgment on the issue of liability. Rivera, J.P., Skelos, Chambers and Roman, JJ., concur.