■ KINTAVIA CARTER et al., Respondents, v GRENADIER REALTY et al., Appellants. [922 NYS2d 86]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated February 2, 2010, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Talia Collins (hereinafter the plaintiff) commenced this action on behalf of her daughter, Kintavia Carter (hereinafter the infant plaintiff), and on her own behalf, against Grenadier Realty (hereinafter Grenadier) and Howland Hook Housing Co., Inc. (hereinafter Howland) (hereinafter together the defendants), to recover damages for injuries sustained by the infant plaintiff in a fire that occurred in their apartment. The apartment was located in an apartment building owned by Howland and managed by Grenadier. The plaintiff alleged, among other things, that the defendants failed to provide her with a working smoke detector.

The Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. The defendants demonstrated their prima facie entitlement to judgment as a matter of law by presenting, inter alia, the deposition testimony of Grenadier's property manager and assistant building superintendent that a new working smoke detector was installed in the apartment before the plaintiff moved in, as required by section 27-2045 (a) (1) of the Administrative Code of the City of New York (see Amble v City of New York, 157 AD2d 688, 689 [1990]). In opposition, however, the plaintiff raised a triable issue of fact as to whether the smoke detector was operational when it was installed, through her affidavit stating, inter alia, that the device never worked while she lived in the apartment. Contrary to the defendants' contention, the plaintiff's affidavit was not inconsistent with her deposition testimony and, thus, did not constitute an attempt to create a feigned issue of fact (see Gleason v City of New York, 68 AD3d 1054, 1056 [2009]). The plaintiff also raised a triable issue of fact as to whether the defendants breached a duty to her by removing the allegedly inoperable smoke detector from the apartment. Although section 27-2045 of the Administrative Code of the City of New York provides that it is an occupant's sole

duty to maintain and replace a smoke detector (*see* Administrative Code of City of NY § 27-2045 [b], [c]), it is also true that, "even when no duty exists, once a person voluntarily undertakes to act[,] he must do so with due care" (*McIntosh v Moscrip*, 138 AD2d 781, 783 [1988]; *see generally Parvi v City of Kingston*, 41 NY2d 553, 559 [1977]). Here, the plaintiff presented evidence that, upon her complaint, the defendants affirmatively removed the smoke detector and promised to replace it but failed to do so prior to the fire.

Furthermore, in response to the defendants' prima facie showing that the alleged absence of a working smoke detector was not a proximate cause of the infant plaintiff's injuries, the plaintiffs raised a triable issue of fact as to causation (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Stukas v Streiter*, 83 AD3d 18 [2d Dept 2011]). Contrary to the defendants' contention, the Supreme Court properly considered the expert affidavit submitted by the plaintiffs on that issue, since the notary's failure to sign the jurat was a technical defect which could be disregarded in the absence of substantial prejudice to the defendants (*see* CPLR 2001; *Baluchinsky v General Motors Corp.*, 248 AD2d 574, 575 [1998]; *Supreme Automotive Mfg. Corp. v Continental Cas. Co.*, 97 AD2d 700, 700 [1983]). The expert's opinion was sufficient to raise a triable issue of fact as to whether a working smoke detector would have allowed the mother to discover the fire earlier than she did and, thus, reduced the amount of time the infant plaintiff was exposed to smoke (*see Lein v Czaplinski*, 106 AD2d 723, 725 [1984]).

The defendants' remaining contentions are without merit. Covello, J.P., Angiolillo, Dickerson and Roman, JJ., concur.