■ MATEL KIEVMAN et al., Appellants, v MARIE B. PHILIP, Defendant, and VARSITY BUS CO., Inc., et al., Respondents. [924 NYS2d 112]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated May 19, 2010, which granted the motion of the defendants Varsity Bus Co., Inc., and Logistics Associates, Inc., for summary judgment dismissing the complaint insofar as asserted against them and, in effect, searched the record and awarded summary judgment to the defendant "Bus Driver Doe."

Ordered that the order is reversed, on the law, with costs, and

the motion of the defendants Varsity Bus Co., Inc., and Logistics Associates, Inc., for summary judgment dismissing the complaint insofar as asserted against them is denied.

On the morning of January 14, 2008, the plaintiff Rivka Kievman (hereinafter the mother) was taking her four children, as well as two other children, to school. They had all walked out of their building, made a left turn, and were intending to cross East 19th Street, in Brooklyn, a one-way street, because the mother's car was parked on the other side. One child was holding the mother's right hand and another child was holding her left hand. The infant plaintiff, Matel Kievman (hereinafter the infant plaintiff), a second grader, was positioned to the left of the child holding the mother's left hand, and another child was standing to the left of the infant plaintiff. A school bus, owned by the defendant Logistics Associates, Inc., and registered to the defendant Varsity Bus Co., Inc. (hereinafter together the defendants), was double-parked on East 19th Street in front of their building. The mother walked in front of the bus, which had its engine running, in order to check for oncoming traffic. The bus driver looked up, and allegedly waved the mother across. She then stepped forward to check for oncoming vehicles and observed an approaching sport utility vehicle. Upon seeing the approaching vehicle, the mother stepped back with the children whose hands she was holding, but the infant plaintiff continued walking forward and was struck by the sport utility vehicle operated by the defendant Marie B. Philip. The infant plaintiff allegedly sustained serious injuries to her right leg. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint insofar awarded as asserted against them. The Supreme Court also, in effect, searched the record and awarded summary judgment to the nonmoving defendant "Bus Driver Doe" (see CPLR 3212 [b]). We reverse.

"To establish a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and that the breach was a proximate cause of the plaintiff's injury" (*Demshick v Community Hous. Mgt. Corp.*, 34 AD3d 518, 519 [2006]). "[A] duty may arise from negligent words or acts that induce reliance" (*Heard v City of New York*, 82 NY2d 66, 71 [1993]). " '[O]ne who assumes a duty to act, even though gratuitously, may thereby become subject to the duty of acting carefully' " (*Mirza v Metropolitan Life Ins. Co.*, 2 AD3d 808, 809 [2003], quoting *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 522 [1980]). "[T]he question is whether defendant's conduct placed plaintiff in a more vulnerable position than plaintiff would have been in had

defendant done nothing" (*Heard v City of New York*, 82 NY2d at 72; *see Gauthier v Super Hair*, 306 AD2d 850, 851 [2003]). A driver of a motor vehicle may, under certain circumstances, be liable to a pedestrian where the driver "undertakes to direct a pedestrian safely across the road in front of his vehicle, and negligently carries out that duty" (*Valdez v Bernard*, 123 AD2d 351, 351 [1986]).

Here, the defendants, by submitting the mother's deposition testimony, demonstrated prima facie that the mother did not rely upon the bus driver's alleged wave, thereby severing the causal nexus between the alleged negligence of the bus driver and the accident (*id.*; *cf. Barber v Merchant*, 180 AD2d 984, 986-987 [1992]). In opposition, however, the plaintiffs raised triable issues of fact as to whether they relied to any degree upon the bus driver's wave (*see Shapiro v Mangio*, 259 AD2d 692, 692-693 [1999]) and, if so, whether the bus driver exercised reasonable care under the circumstances (*see Thrane v Haney*, 264 AD2d 926, 927 [1999]) and whether his alleged wave placed the infant plaintiff in a more vulnerable position than she would have been had the bus driver done nothing (*see Heard v City of New York*, 82 NY2d at 72).

Contrary to the defendants' contention, the mother's affidavit submitted in opposition to the defendants' motion was not inconsistent with her deposition testimony regarding the actions of the bus driver in the moments preceding the accident and, therefore, did not constitute an attempt to create a feigned issue of fact (*see Carter v Grenadier Realty*, 83 AD3d 640 [2011]; *Gleason v City of New York*, 68 AD3d 1054, 1056 [2009]; *Barco v Green Bus Lines, Inc.*, 62 AD3d 923, 924 [2009]; *Enamorado v KHR Holding Co., LLC*, 24 AD3d 411, 412-413 [2005]).

Accordingly, the Supreme Court erred in granting the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and, in effect, searching the record and awarding summary judgment to the nonmoving defendant "Bus Driver Doe." Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.