■ JIMMY RAMOS et al., Appellants, v TC PARATRANSIT et al., Respondents. [946 NYS2d 644]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Silber, J.), dated September 22, 2011, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On May 14, 2008, on Flatlands Avenue in Brooklyn, near its intersection with 107th Street, a vehicle owned and operated by the plaintiff Jimmy Ramos (hereinafter the plaintiff driver), in which his wife, the plaintiff Jenny Ramos, was a passenger, was struck in the rear by an Access-A-Ride bus, operated by the defendant Dominique Rosemond and owned by the defendant New York City Transit Authority (hereinafter NYCTA). The bus was leased from NYCTA by the defendant TC Paratransit, Rosemond's employer.

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Pollard v Independent Beauty & Barber Supply Co.*, 94 AD3d 845, 845-846 [2012]; *see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Giangrasso v Callahan*, 87 AD3d 521, 522 [2011]; *Scheker v Brown*, 85 AD3d 1007, 1007 [2011]; *Plummer v Nourddine*, 82 AD3d 1069, 1069 [2011]; *Vargas v Luxury Family Corp.*, 77 AD3d 820, 820 [2010]; *Volpe v Limoncelli*, 74 AD3d 795 [2010]). A nonnegligent explanation may include evidence of a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on wet pavement or any other reasonable cause (*see Fajardo v City of New York*, 95 AD3d 820, 821 [2d Dept 2012]; *Vargas v Luxury Family Corp.*, 77 AD3d at 820-821; *DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d 489, 490 [2010]; *Klopchin v Masri*, 45 AD3d 737, 738 [2007]; *Morrison v Montzoutsos*, 40 AD3d 717, 717-718 [2007]; *Gaeta v Carter*, 6 AD3d 576, 576 [2004]).

Here, the plaintiffs established, prima facie, their entitlement to judgment as a matter of law on the issue of liability by demonstrating that their vehicle was stopping when it was struck in the rear by the bus operated by Rosemond.

In opposition, the defendants submitted, inter alia, Rosemond's affidavit, in which he stated that, while he was traveling approximately 20 miles per hour approximately three to four car lengths behind the plaintiffs' vehicle, the plaintiff driver suddenly and without warning stopped the plaintiffs' vehicle in

the left lane of moving traffic in order to make an illegal left turn onto 107th Street or an illegal U-turn from westbound Flatlands Avenue onto eastbound Flatlands Avenue, at a point where such turns were prohibited. A photograph of the area where the accident occurred, submitted as an exhibit by the defendants, demonstrated that no turns from Flatlands Avenue are permitted at the point where the accident occurred. Thus, the defendants raised a triable issue of fact as to whether the plaintiff driver negligently operated his vehicle, thereby contributing to or causing the accident (*see Vargas v Luxury Family Corp.*, 77 AD3d at 820-821; *Klopchin v Masri*, 45 AD3d at 738; *Morrison v Montzoutsos*, 40 AD3d at 717-718).

Contrary to the plaintiffs' contention, Rosemond's affidavit was not inconsistent with his deposition testimony describing how the accident occurred, a transcript of which had been submitted as an exhibit by both the plaintiffs and the defendants (*see Jahangir v Logan Bus Co., Inc.*, 89 AD3d 1064, 1064 [2011]; *Kievman v Philip*, 84 AD3d 1031, 1033 [2011]; *Carter v Grenadier Realty*, 83 AD3d 640, 641 [2011]; *Gleason v City of New York*, 68 AD3d 1054, 1056 [2009]; *Barco v Green Bus Lines, Inc.*, 62 AD3d 923, 924 [2009]). Therefore, the affidavit did not constitute an attempt by the defendants to create a feigned issue of fact, and was properly considered by the Supreme Court (*see Jahangir v Logan Bus Co., Inc.*, 89 AD3d at 1064; *Kievman v Philip*, 84 AD3d at 1033; *Carter v Grenadier Realty*, 83 AD3d at 641; *Gleason v City of New York*, 68 AD3d at 1056; *Barco v Green Bus Lines, Inc.*, 62 AD3d at 924).

Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability. Dillon, J.P., Eng, Austin and Sgroi, JJ., concur.