OPINION OF THE COURT
F. Dana Winslow, J.
In this personal injury action, plaintiffs move pursuant to *850 CPLR 3212 for partial summary judgment on the issue of liability.
This action seeks damages for personal injuries allegedly sustained in a motor vehicle accident between a vehicle operated by plaintiff Martha L. Argueta and a vehicle owned and operated by defendant Ravinder E Thind. The accident occurred on November 16, 2010 at or near the intersection of Sunrise Highway and Mill Road in Valley Stream, New York. Plaintiffs seek summary judgment on the ground that the accident, a rear-end collision, was caused solely by the negligence of defendant. Defendant argues that the motion is premature insofar as depositions have not yet been held, and that there are issues of fact as to Argueta’s potential liability which mandate denial of the motion.
In support of their motion for summary judgment, plaintiffs submit (i) a copy of the summons and verified complaint; (ii) an uncertified copy of the police accident report on Department of Motor Vehicles Form MV-104A; (iii) the affidavit of Argueta, sworn to on March 19, 2012; and (iv) the affirmation in support of plaintiffs’ counsel. In opposition, defendant submits the affidavit of Ravinder Thind, sworn to on April 13, 2012 and the affirmation in opposition of defendant’s counsel.
It is well settled that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence against the operator of the rear vehicle, shifting the burden to that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision. (Napolitano v Galletta, 85 AD3d 881 [2011]; Franco v Breceus, 70 AD3d 767 [2010]; Eybers v Silverman, 37 AD3d 403 [2007].) This rule extends to the situation where the lead vehicle was slowing at the time of the collision. (Dattilo v Best Transp. Inc., 79 AD3d 432 [2010].) Further, at least one lower court has held that a rear-end collision, in and of itself, gives rise to a presumption of negligence on the part of the following driver, even when both vehicles are in motion, and neither is stopped or slowing. (See Leguen v City of New York, 30 Misc 3d 1235[A], 2011 NY Slip Op 50367[U] [2011].)
The rule is generally said to be predicated on the statutory duty of a following driver to maintain a safe speed and distance between his or her vehicle and the vehicle ahead. (See Vehicle and Traffic Law § 1129; see also LaMasa v Bachman, 56 AD3d 340 [2008]; Pena v Allen, 272 AD2d 311 [2000]; Mitchell v Gonzalez, 269 AD2d 250 [2000]; Zakutny v Gomez, 258 AD2d 521 [1999].) In order to defeat summary judgment in the context *851 of a rear-end collision, the operator of the rear vehicle must present proof in admissible form sufficient to rebut the inference of negligence.
Although the case law states that the defendant must provide a “non-negligent” explanation for the accident, that burden is often met by a showing of negligence on the part of the lead driver, such as the lead driver’s failure to signal (Klopchin v Masri, 45 AD3d 737, 738 [2007]; Drake v Drakoulis, 304 AD2d 522 [2003]), the lead driver’s unexplained stop in moving traffic (Vargas v Luxury Family Corp., 77 AD3d 820, 821 [2010]; Foti v Fleetwood Ride, Inc., 57 AD3d 724, 725 [2008]; Chepel v Meyers, 306 AD2d 235, 237 [2003]), or the lead driver’s sudden lane change before the stop (Fajardo v City of New York, 95 AD3d 820 [2012]; Briceno v Milbry, 16 AD3d 448 [2005]). The foregoing and similar cases do not consistently provide whether a showing of negligence on the part of the lead driver rebuts the inference of negligence on the part of the rear driver, or only the inference that such negligence was the sole proximate cause of the accident. That being unanswered, the question of liability is left for the jury to determine.
In the case at bar, plaintiffs set forth a prima facie case of negligence on the part of defendant. Argueta states that she was driving westbound on Sunrise Highway in the left lane and that she stopped for a red light at the intersection of Sunrise Highway and Mill Road. When the light turned green, Argueta says, she slowly proceeded forward, when her vehicle was suddenly struck in the rear by defendant’s vehicle. Argueta claims that Thind told the police officer at the scene that his brakes were not working. (See Argueta aff 11 2.)
Defendant, however, offers a “non-negligent” explanation for the accident. Thind states that he was driving westbound on Sunrise Highway, and that he approached Mill Road in the leftmost lane of two left turn lanes. He proceeded to make a left turn from Sunrise Highway onto Mill Road, when Argueta’s vehicle, making a “wide turn,” suddenly cut into his lane without any warning signal. The contact occurred in the lane in which Thind had been traveling. The front of Thind’s vehicle came into contact with the left rear of Argueta’s vehicle. Thind denies telling the police officer that his brakes were not working, and claims that, in fact, they were working properly at the time of the accident. (See Thind aff 1Í1Í 3-7.)
The police report is not inconsistent with either version of the accident, and can be read to support both versions. The po *852 lice report states, as asserted by Argueta, that the accident was a rear-end collision in which the Thind vehicle struck the Argueta vehicle. It also indicates, however, that the point of impact was to the front right section of the Thind vehicle and to the left rear section of the Argueta vehicle, which is consistent with Thind’s account. The admissibility of the police report, therefore, does not affect the determination of this motion. (See Rivera v GT Acquisition 1 Corp., 72 AD3d 525 [2010] [court properly disregarded the uncertified police report as inadmissible hearsay].)
On a motion for summary judgment, the court must accept as true the evidence presented by the non-moving party and give the non-moving party the benefit of every favorable inference that may be drawn from the pleadings and proof. Summary judgment is inappropriate where questions of fact or credibility are raised that require a trial. (Myers v Fir Cab Corp., 64 NY2d 806 [1985]; Fleming v Graham, 34 AD3d 525, 526 [2006], revd on other grounds 10 NY3d 296 [2008]; Nicklas v Tedien Realty Corp., 305 AD2d 385, 386 [2003].)
Here, defendant has raised an issue of fact with respect to the question of plaintiffs culpability. The determination of that question will likely turn on the credibility of the witnesses. The Second Department has held that where plaintiffs freedom from negligence is not established as a matter of law, summary judgment is properly denied. (Abbott v Picture Cars E., Inc., 78 AD3d 869 [2010].) This court notes that a recent decision in the First Department holds to the contrary — that a plaintiff may be granted summary judgment without disproving the affirmative defense of comparative negligence. (See Capuano v Tishman Constr. Corp., 98 AD3d 848 [Sept. 11, 2012].) Although the court may subscribe to the latter view, its application in the present circumstances is doubtful. In the case at bar, the allegations with respect to plaintiffs conduct — changing lanes in a dynamic context (not being stopped or stopping) — not only raise issues of fact with respect to plaintiffs culpability, but also raises questions as to the culpability or non-culpability of defendant. Thus, the question of each party’s negligence, and the respective apportionment of fault, are properly left to the jury.
In view of the foregoing, it is unnecessary to address defendant’s argument that summary judgment is premature. It is therefore ordered that plaintiffs’ motion pursuant to CPLR *853 3212 for partial summary judgment on the issue of liability is denied.