■ SANDOR KERTESZ, Respondent, v JASON TRANSPORTATION CORP. et al., Appellants. [957 NYS2d 730]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated October 6, 2011, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

On November 19, 2010, at approximately 11:30 a.m., the plaintiff was operating his own motor vehicle on Middle Neck Road in Great Neck, when it was struck in the rear by a box truck, operated by the defendant Omar Peralta and owned by the defendant Jason Transportation Corp. The weather was clear and the road was dry at the time of the accident.

In March 2011, the plaintiff commenced this action to recover damages for personal injuries against the defendants. After the defendants answered the complaint, the plaintiff moved for summary judgment on the issue of liability, arguing that the defendants' vehicle negligently struck his vehicle in the rear while he was fully stopped at an intersection. In opposition, the defendants argued that summary judgment should not be awarded because the plaintiff had abruptly stopped his vehicle in the middle of the roadway, without any traffic in front of him, approximately 40 to 50 feet from the intersection. The Supreme Court granted the plaintiff's motion, and the defendants appeal.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Ramos v TC Paratransit*, 96 AD3d 924, 925

[2012]; *Pollard v Independent Beauty & Barber Supply Co.*, 94 AD3d 845, 845-846 [2012]; *Delvalle v Mercedes Benz USA, LLC*, 94 AD3d 942 [2012]; *Perez v Roberts*, 91 AD3d 620, 621 [2012]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by showing that the defendants' vehicle struck the rear of his stopped vehicle. However, in opposition, the defendants raised a triable issue of fact, through Peralta's affidavit, as to whether the plaintiff negligently caused or contributed to the accident. Peralta averred that the plaintiff's vehicle stopped suddenly and without warning approximately 40 to 50 feet from the nearest intersection, despite the fact that there was no traffic in front of that vehicle (*see Ramos v TC Paratransit*, 96 AD3d at 925; *Pollard v Independent Beauty & Barber Supply Co.*, 94 AD3d at 845-846; *Vargas v Luxury Family Corp.*, 77 AD3d 820 [2010]; *Boockvor v Fischer*, 56 AD3d 405, 406 [2008]; *Klopchin v Masri*, 45 AD3d 737 [2007]; *Chepel v Meyers*, 306 AD2d 235 [2003]). Accordingly, the Supreme Court improperly granted the plaintiff's motion for summary judgment on the issue of liability.

In light of our determination, we need not address the defendants' remaining contention. Skelos, J.P., Hall, Austin and Hinds-Radix, JJ., concur.