Matter of Penthouse 2019, Inc. v New York State Liq. Auth. (2022 NY Slip Op 00051)





Matter of Penthouse 2019, Inc. v New York State Liq. Auth.


2022 NY Slip Op 00051


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Webber, J.P., Friedman, Oing, Moulton, Kennedy, JJ. 


Index No. 158878/20 Appeal No. 14972 Case No. 2021-02318 

[*1]In the Matter of Penthouse 2019, Inc., Petitioner-Respondent,
v
New York State Liquor Authority, Respondent-Appellant.


Stefan Armstrong, New York, for appellant.
Hantman & Associates, New York (Nyall Cook of counsel), for respondent,



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about January 26, 2021, which granted the petition to annul the determination of respondent New York State Liquor Authority (SLA), dated May 27, 2020, disapproving petitioner's application for an on-premises liquor license, and remanded the matter to SLA for reconsideration, unanimously reversed, on the law, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.
SLA's determination disapproving petitioner's application for an on-premises liquor license had a rational basis and was not arbitrary and capricious (see Matter of Wager v State Liq. Auth., 4 NY2d 465, 468 [1958]; Matter of 7th Ave. Rest. Group LLC v New York State Liq. Auth., 101 AD3d 633 [1st Dept 2012]). The record shows that petitioner served alcoholic beverages at the premises before it obtained a temporary permit, served alcohol to intoxicated patrons and a minor, and permitted violent disorder at the premises on three separate occasions, as documented by police reports supplied to SLA. This evidence supports SLA's conclusion that petitioner lacks the requisite character and fitness to hold a liquor license and demonstrates a disregard for lawfulness that created a substantial risk to the public (see Matter of Sinacore v New York State Liq. Auth., 21 NY2d 379, 383 [1968]; Alcoholic Beverage Control Law § 2; 9 NYCRR 48.2; 53.1[q]).
SLA also rationally determined that the false statements contained in petitioner's principal's initial license application provided an additional basis for disapproving the license application (see Matter of Miele v New York State Liq. Auth., 39 NY2d 1041 [1976], revg 49 AD3d 575 [2d Dept 1975]; Matter of Angelina Cafe Corp. v New York State Liq. Auth., 223 AD2d 509 [1st Dept 1996]). Notably, the applicant's statement was signed under penalty of perjury, and petitioner's principal acknowledged that any false statement would be grounds for denial (see 9 NYCRR 53.1[b]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2022