◼ Isaac Dagim, Appellant, et al., Plaintiff, v. Lawrence Schein, Respondent.— In a negligence action to recover damages for personal and property injuries, plaintiff Dagim appeals from so much of an interlocutory judgment of the Supreme Court, Queens County, entered July 11, 1973, as is against him on the issue of liability, upon a jury verdict. Interlocutory judgment reversed insofar as appealed from, on the law and facts, and new trial granted as between plaintiff Dagim and defendant, with costs to abide the event. In our opinion, the trial court erred in its charge to the jury when it alluded to subdivision (a) of section 1129 of the Vehicle and Traffic Law, commonly known as the " tailgating statute ". In doing so, the court introduced an issue of tailgating, which was not supported by the evidence adduced. The accident occurred on a heavily traveled, three-lane roadway in Manhattan when defendant, while attempting to park his automobile in the extreme right lane thereof, which was reserved for parking, backed up and struck the car driven by plaintiff, Dagim. Defendant testified that the last time he looked to his rear before attempting to back into the parking area he noticed that the cars which had been stopped for a light at the corner approximately half a block away were then approaching. Dagim testified that prior to the impact the car he was driving had been stopped for approximately one minute, about 5 to 10 feet behind defendant's car. Defendant did not deny this, stating that he did not know whether the car behind him was moving or standing still. Moreover, defendant's motor vehicle report confirmed Dagim's testimony in this respect. Predicated on the foregoing, the jury's verdict, insofar as it found that both Dagim and defendant had been negligent, cannot be sustained under the theory of tailgating. Since there is the possibility that, because of the charge, the jury may have considered this issue and resolved it against Dagim, and since the evidence which might otherwise have sustained the verdict was close, we conclude that the interlocutory judgment should be reversed insofar as appealed from, and a new trial held. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.