■ GAIL SIMPSON, Appellant, et al., Plaintiff, v VIRGINIA E. EASTMAN et al., Respondents. [753 NYS2d 104] —In an action to recover damages for personal injuries, the plaintiff Gail Simpson appeals from a judgment of the Supreme Court, Westchester County (Bellantoni, J.), dated April 25, 2001, which, upon a jury verdict in favor of the defendants and against her on the issue of liability, and, in effect, upon the denial of her application pursuant to CPLR 4404 (a) to set aside the verdict, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff, Gail Simpson, a passenger in a taxi driven by the defendant Mary Ann Martone, was injured when a truck driven by the defendant Robert Eastman collided with the rear

of Martone's stopped vehicle. The jury found in favor of the defendants, and the trial court denied the plaintiff's application to set aside the verdict.

"[A] rear-end collision into a stopped automobile creates a prima facie case of liability with respect to the operator of the moving vehicle, imposing a duty of explanation on its operator" (*Cammilleri v S&W Realty Assoc.,* 243 AD2d 530, 531). "If the operator of the moving vehicle rebuts the plaintiffs' prima facie case with a nonnegligent excuse, then the operator may not be liable" (*Artis v Jamaica Buses,* 262 AD2d 511, 512).

The testimony adduced at the trial established that at the time of the accident, it was raining and sleeting, and the road was covered with snow and ice. Eastman testified that he was traveling only between five and seven miles per hour. He stepped on the brake and turned his steering wheel to the left to avoid the taxi driven by Martone, which was stopped two-thirds into the lane of travel. However, Eastman's truck did not respond, and he hit the taxi. Based on this evidence, it cannot be said that there is " 'no valid line of reasoning [or] permissible inferences' " which would support the jury's verdict (*Nicastro v Park,* 113 AD2d 129, 132, quoting *Cohen v Hallmark Cards,* 45 NY2d 493, 498), or that the jury could not have reached its verdict on any fair interpretation of the evidence.

The plaintiff's contention that the trial court erred in refusing to charge the jury with respect to Vehicle and Traffic Law § 1129 is unavailing, since there was no evidence that Eastman was tailgating the taxi driven by Martone (*see Dagim v Schein,* 43 AD2d 832). Accordingly, the trial court properly denied the plaintiffs' application to set aside the verdict.

The plaintiff's remaining contentions are without merit. Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.