■ Juan Dedios Chiok et al., Appellants, v C.S. Kouridakis et al., Respondents. [869 NYS2d 603]—

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (*Ahmad v Grimaldi*, 40 AD3d 786 [2007]; *see Delayhaye v Caledonia Limo & Car Serv., Inc.*, 49 AD3d 588 [2008]; *Klopchin v Masri*, 45 AD3d 737 [2007]). However, "[i]f the operator of the moving vehicle rebuts the plaintiffs' prima facie case with a nonnegligent excuse, then the operator may not be [held] liable" (*Artis v Jamaica Buses*, 262 AD2d 511, 512 [1999]; *see Simpson v Eastman*, 300 AD2d 647 [2002]).

Here, the defendant operator offered a nonnegligent explanation for the accident which the jury accepted. Thus, it cannot be said that there is no valid line of reasoning or permissible inferences which would support the jury verdict in the defendants' favor (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]), or that the jury could not have reached its verdict on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *see also Delayhaye v Caledonia Limo & Car Serv., Inc.*, 49 AD3d 588 [2008]; *Klopchin v Masri*, 45 AD3d 737 [2007]; *Morrison v Montzoutsos*, 40 AD3d 717, 718 [2007]; *Garrison v Geyer*, 19 AD3d 1136 [2005]; *Drake v Drakoulis*, 304 AD2d 522 [2003]; *Simpson v Eastman*, 300 AD2d 647 [2002]). Rivera, J.P., Lifson, Eng and Chambers, JJ., concur.