Lucy Ortiz et al., Appellants, v Fage USA Corp. et al., Respondents. [893 NYS2d 270]—

On the afternoon of March 5, 2007, a motor vehicle operated by the plaintiff Lucy Ortiz (hereinafter the plaintiff) on 26th Avenue in Queens was struck from behind by a truck owned by the defendant Fage USA Corp. and operated by the defendant Yerquin Mercedes. After joinder of issue, the plaintiffs moved for summary judgment on the issue of liability. The Supreme Court denied the motion. We reverse.

The plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by tendering the affidavit of the plaintiff and the deposition testimony of her passenger, Margoth Raigosa. Those individuals stated that the plaintiff had been at a complete stop for three or four seconds, when her vehicle was struck in the rear by the defendants' motor vehicle. "A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate nonnegligent explanation for the accident" (*Arias v Rosario*, 52 AD3d 551, 552 [2008]). In his affidavit which was submitted in opposition to plaintiffs' motion, Mercedes averred that, when the plaintiff's Lincoln automobile approached a stop sign at the intersection of 26th Avenue and Astoria Boulevard, a pickup truck traveling on Astoria Boulevard stopped and gave the plaintiff's vehicle the right of way to pass through the intersection, but that the Lincoln "suddenly stopped." The affidavit did not rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Ramirez v Konstanzer*, 61 AD3d 837 [2009]). Furthermore, the defendants' contentions regarding discovery were mere expressions of hope and speculation that a deposition of the plaintiff might disclose relevant information sufficient to defeat the motion (*see Sanabria v Paduch*, 61 AD3d 839 [2009]). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.

The defendants' remaining contention is without merit. Rivera, J.P., Dillon, Belen and Roman, JJ., concur.