■ VICTORIA F. MURPHY, Appellant, v DAVID A. EPSTEIN, Respondent. [899 NYS2d 319]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), entered October 28, 2009, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

This action arises from an automobile accident which took place on the morning of October 14, 2008, at the intersection of Manhasset Street and Bellmore Avenue in Islip Terrace. Manhasset Street is a two-way roadway which runs east and west, while Bellmore Avenue is a two-way roadway which runs north and south. The plaintiff, who was traveling east on Manhasset Street, alleges that when she arrived at the intersection of Manhasset Street and Bellmore Avenue, she brought her vehicle to a complete stop about one foot in front of the stop sign governing eastbound traffic. According to the plaintiff, she was at a complete standstill in the eastbound lane when her vehicle was struck head-on by the defendant's vehicle, which was turning left onto Manhasset Street in order to proceed west. The defendant, who was traveling north on Bellmore Avenue before he began to execute his turn, claims that he never saw the plaintiff stop at the stop sign, and that at the point of impact, "the front of the plaintiff's vehicle was just beginning to enter onto the road surface of Bellmore Avenue."

The plaintiff made a prima facie showing of her entitlement to judgment as a matter of law on the issue of liability through the submission of her affidavit, which demonstrated that the defendant violated Vehicle and Traffic Law § 1160 (b) and § 1163 (a) by making a left turn from Bellmore Avenue into the eastbound lane of Manhasset Street, and that this violation was the sole proximate cause of the accident. The plaintiff, who was stopped at a stop sign in the eastbound lane of a two-way roadway, could not have been expected to anticipate that a driver executing a left turn in order to proceed west would turn directly into her lane, rather than the westbound lane, and hit her vehicle head-on (cf. Fawcett v Suffolk Transp. Serv., Inc., 55 AD3d 535, 536 [2008]).

In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Although the defendant averred that the collision occurred as the front of the plaintiff's vehicle was "just beginning to enter onto the road surface of Bellmore Avenue," he did not deny that her vehicle was still at least partially in the eastbound lane of Manhasset Street at the point of impact, or that his vehicle struck her vehicle head-on. Under these circumstances, the defendant's affidavit was insufficient to raise a triable issue of fact as to whether the plaintiff's alleged violations of Vehicle and Traffic Law § 1172 (a) and § 1142 (a) were a proximate cause of the accident. Rivera, J.P., Florio, Miller and Eng, JJ., concur.