■ MICHAEL A. DeLOUISE, Respondent, v S.K.I. WHOLESALE BEER CORP. et al., Appellants. (And a Third-Party Action.) [904 NYS2d 761]—

In an action to recover damages for personal injuries, the defendants S.K.I. Wholesale Beer Corp and Jose Luis Lopez appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated October 16, 2009, as granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and for leave to amend the complaint to assert additional causes of action to recover damages for negligent entrustment, negligent hiring, and negligent retention.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the issue of liability and for leave to amend the complaint to assert additional causes of action to recover damages for negligent entrustment, negligent hiring, and negligent retention are denied.

This action arises out of a motor vehicle accident that occurred in a Manhattan parking garage on December 13, 2007, when a truck operated by the defendant Jose Luis Lopez struck the rear of the plaintiff's vehicle. As a general rule, a rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the rearmost vehicle, imposing a duty of explanation on that operator to excuse the collision either through a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on a wet pavement, or any other reasonable cause (see Klopchin v Masri, 45 AD3d 737, 737 [2007]; Leal v Wolff, 224 AD2d 392, 393 [1996]).

In opposition to the plaintiff's prima facie showing of his entitlement to judgment as a matter of law on the issue of liability, Lopez submitted an affidavit in which he stated that it was snowing when he entered the parking garage, that the entrance of the parking garage had a ramp that curved to the right and sloped downward, and that, although he was driving "slowly and with caution," the "slick, wet surface condition of the garage floor" caused his vehicle to react as "if it was covered with black ice on the surface that was not visible to me." He further stated that he "was surprised by the existence of the slippery conditions that were not visible to one driving down the ramp" because the ramp was not otherwise exposed to the elements. He also noted that he observed no sand or ice melt spread over the surface of the ramp.

In addition, the defendants also submitted meteorological rec-

ords which showed that it was snowing, and that the temperatures were falling from above freezing to below freezing on the date of the accident. Under the circumstances, the defendant's explanation was sufficient to defeat the plaintiff's motion for summary judgment on the issue of liability (*see Briceno v Milbry*, 16 AD3d 448 [2005]; *Simpson v Eastman*, 300 AD2d 647 [2002]; *Artis v Jamaica Buses*, 262 AD2d 511 [1999]).

The plaintiff also sought leave to amend the complaint to assert the additional causes of action of negligent entrustment, negligent hiring, and negligent retention. Although CPLR 3025 (b) provides that leave to serve an amended pleading should be freely given (*see AYW Networks v Teleport Communications Group*, 309 AD2d 724 [2003]; *Charleson v City of Long Beach*, 297 AD2d 777 [2002]; *Holchendler v We Transp.*, 292 AD2d 568 [2002]), leave to amend should be denied where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit (*see Morton v Brookhaven Mem. Hosp.*, 32 AD3d 381 [2006]; *Thone v Crown Equip. Corp.*, 27 AD3d 723 [2006]). Here, the Supreme Court improvidently exercised its discretion in granting the plaintiff leave to amend his complaint since the plaintiff's motion papers were completely devoid of any factual basis for the proposed amendments. Dillon, J.P., Santucci, Balkin, Belen and Sgroi, JJ., concur.