In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered January 29, 2010, as denied his motion for summary judgment on the issue of liability.
Ordered that the order is affirmed insofar as appealed from, with costs.
On July 8, 2007, the plaintiff was operating a motorcycle on Horatio Parkway in Bayside, Queens. The defendant Chu Cha Lee (hereinafter the defendant), was operating a vehicle directly in front of the plaintiffs motorcycle and was traveling in the same direction. As the defendant was attempting to make a left turn into the driveway of her home located on Horatio Parkway near 230th Street, the plaintiffs motorcycle collided with the driver’s side of the defendant’s vehicle. As a result, the plaintiff fell off the motorcycle and allegedly was injured.
The plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law on the issue of liability (see CPLR 3211 [b]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Roman v Al Limousine, Inc., 76 AD3d 552 [2010] [decided herewith]; Yuen Lum v Wallace, 70 AD3d 1013 [2010]). While the plaintiff submitted evidence that the defendant had *556 failed to use her directional signal in violation of Vehicle and Traffic Law § 1163 (a), he failed to submit any admissible evidence that the defendant’s alleged negligent conduct in this regard was the sole proximate cause of the accident (cf. Murphy v Epstein, 72 AD3d 767 [2010]), or that he was free from comparative negligence (see Thoma v Ronai, 82 NY2d 736 [1993], affg 189 AD2d 635 [1993]; Yi Min Feng v Jin Won Oh, 71 AD3d 879 [2010]; Dragunova v Dondero, 305 AD2d 449, 450 [2003]).
The plaintiffs remaining contentions are without merit.
Since the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law, his summary judgment motion was properly denied regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Zeitoune v Cohen, 66 AD3d 889, 891 [2009]). Dillon, J.P., Miller, Eng and Chambers, JJ., concur.