(November 16, 2010)

■ RICKY ABBOTT et al., Appellants, v PICTURE CARS EAST, INC., et al., Respondents. [911 NYS2d 449]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated October 6, 2009, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On April 24, 2008, a flatbed truck operated by the defendant Valdez Garcia, and owned by the defendant Picture Cars East, Inc., struck the rear end of a vehicle owned and operated by the plaintiff Ricky Abbott as both vehicles were traveling in a northeast direction along the Brooklyn Queens Expressway in Queens. Shortly before the accident, traffic on the roadway had begun to slow down. In his affidavit submitted in support of the motion, Abbott attested that his vehicle had nearly come to a complete stop at the time of the collision. Garcia attested in his affidavit submitted in opposition that Abbott abruptly changed lanes in front of his vehicle and then applied his brakes, creating an insufficient distance for him to stop in time.

"As a general rule, a rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the rearmost vehicle, imposing a duty of explanation on that operator to excuse the collision either through a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on a wet pavement, or any other reasonable cause" (*DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d 489, 490 [2010]; *see Costa v Eramo*, 76 AD3d 942 [2010]; *Gaeta v Carter*, 6 AD3d 576 [2004]).

Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability. The burden then shifted to the defendants to come forward with a nonnegligent explanation for the accident (*see Costa v Eramo*, 76 AD3d 942 [2010]). The Supreme Court properly denied the plaintiffs' motion as Garcia's affidavit was sufficient to raise tri-

able issues of fact regarding whether Abbott contributed to the accident by making an unsafe lane change in violation of Vehicle and Traffic Law § 1128 (a), and then applying his brakes in front of Garcia's vehicle (*see Klopchin v Masri*, 45 AD3d 737, 738 [2007]; *O'Sullivan v Minjae Kim*, 293 AD2d 728 [2002]; *cf. Neryaev v Solon*, 6 AD3d 510 [2004]). The parties' competing assertions show that the plaintiffs' freedom from negligence has not been established as a matter of law (*see Furtow v Jenstro Enters., Inc.*, 75 AD3d 494 [2010]; *Ansar v ELRAC, Inc.*, 288 AD2d 169, 170 [2001]; *Rios v Nicoletta*, 119 AD2d 562 [1986]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Balkin, Eng and Hall, JJ., concur.