■ Mamdouh Ahmed et al., Respondents, v Lynn Brown et al., Defendants, and Jose M. Lanzot, Jr., et al., Appellants. [923 NYS2d 726]—

In an action, inter alia, to recover damages for personal injuries, the defendants Jose M. Lanzot, Jr., and Maria Lanzot appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated June 14, 2010, as, upon reargument, adhered to an original determination in

an order dated January 5, 2010, denying their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order dated June 14, 2010, is affirmed insofar as appealed from, with costs to the plaintiffs payable by the appellants.

This case arises from a three-car chain accident which occurred in October 2006. The plaintiffs' vehicle allegedly was stopped at a red light when it was hit in the rear by the appellants' vehicle, which allegedly had been hit in the rear by a vehicle driven by the defendant Lynn Brown, and owned by the defendant Sunset Airport and Limousine Service (hereinafter together Sunset). In 2008, the plaintiffs moved for summary judgment on the issue of liability. In opposition thereto, the driver of the appellants' vehicle submitted an affirmation in which he stated that his vehicle was pushed into the rear of the plaintiffs' vehicle after it had been struck in the rear by the Sunset vehicle. Sunset submitted an affidavit by Brown wherein she stated that, just before the accident occurred, the light had changed to green, that all three vehicles began to move, and that the appellants' vehicle suddenly stopped short, resulting in her vehicle striking the rear of the appellants' vehicle.

In an order dated July 3, 2008, the Supreme Court granted the plaintiffs' motion for summary judgment against the defendants on the issue of liability, and also stated that "any dispute between defendants regarding the amount of liability between themselves may be addressed during the remainder of the proceedings." In 2010, after examinations before trial had been conducted, the appellants moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that Sunset was completely responsible for the happening of the accident. By order dated January 5, 2010, the Supreme Court denied the motion. Thereafter, the appellants moved to "renew" their summary judgment motion. In an order dated June 14, 2010, the Supreme Court treated the motion as one for leave to reargue, granted reargument, and adhered to its original determination concluding, inter alia, that the appellants "failed to establish a non-negligent explanation for the accident." We affirm the order dated June 14, 2010, insofar as appealed from.

Contrary to the appellants' contention, they were not entitled to dismissal of the complaint insofar as asserted against them. The appellants concede that their vehicle struck the rear of the plaintiffs' vehicle, and they did not demonstrate that this impact was solely the fault of the Sunset vehicle. Inasmuch as Sunset

submitted evidence in admissible form which provided a non-negligent reason for their vehicle's impact with the rear of the appellants' vehicle, the appellants failed to establish their "freedom from negligence . . . as a matter of law" (*Abbott v Picture Cars E., Inc.*, 78 AD3d 869, 870 [2010]; *see Costa v Eramo*, 76 AD3d 942 [2010]; *Klopchin v Masri*, 45 AD3d 737 [2007]).

Accordingly, upon reargument, the Supreme Court properly adhered to the determination in the order dated January 5, 2010, denying the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. In light of our determination, the appellants' remaining contention has been rendered academic. Skelos, J.P., Dickerson, Hall and Sgroi, JJ., concur.