■ GINA NAPOLITANO, Respondent, v JULIA GALLETTA, Defendant/Third-Party Plaintiff-Appellant, and ANGELINA NAPOLITANO et al., Defendants/Third-Party Defendants-Respondents. [925 NYS2d 163]—

In an action to recover damages for personal injuries, the defendant/third-party plaintiff appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated October 8, 2010, which granted the motion of the defendants/third-party defendants for summary judgment, in effect, dismissing the complaint and the third-party complaint insofar as asserted against them.

Ordered that the appeal from so much of the order as granted

that branch of the motion of the defendant/third-party defendants which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the defendant/third-party plaintiff is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and that branch of the motion of the defendants/third-party defendants which was for summary judgment dismissing the third-party complaint is denied; and it is further,

Ordered that one bill of costs is awarded to the defendant third-party plaintiff.

The instant action arises out of a four-vehicle, chain-reaction accident that occurred on the William Floyd Parkway in Shirley on September 1, 2007. On that date, the plaintiff, Gina Napolitano, was a passenger in a vehicle owned by the defendant John Napolitano and operated by the defendant Angelina Napolitano (hereinafter the Napolitano defendants), when that vehicle was struck from behind by another vehicle owned and operated by the defendant/third-party plaintiff, Julia Galletta (hereinafter the appellant).

"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672 [2010]; see Vehicle and Traffic Law § 1129 [a]). Accordingly, a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]; Klopchin v Masri, 45 AD3d 737 [2007]; Starace v Inner Circle Qonexions, 198 AD2d 493 [1993]; Edney v Metropolitan Suburban Bus Auth., 178 AD2d 398, 399 [1991]). A nonnegligent explanation may include evidence of a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause (see DeLouise v S.K.I. Wholesale Beer Corp., 75 AD3d 489, 490 [2010]).

Here, the Napolitano defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the third-party complaint by submitting evidence that their vehicle (the plaintiff's host-vehicle) was either stopped or in the process of stopping when it was struck from behind by the appellant's vehicle. In opposition, the appellant submitted, inter alia, her affidavit in which she stated that, prior to the impact of her ve-

hicle with the rear of the plaintiff's host-vehicle, the plaintiff's host-vehicle stopped short and collided with the rear of a truck directly in front of it. Contrary to the Supreme Court's determination, the appellant came forward with a nonnegligent explanation for the rear-end collision into the plaintiff's host-vehicle. Since a triable issue of fact exists as to whether the Napolitano defendants caused or contributed to the subject accident, the Supreme Court erred in granting that branch of their motion which was for summary judgment dismissing the third-party complaint. Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.