■ Danny Delvalle, Respondent, v Mercedes Benz USA, LLC, et al., Appellants. Louis A. Remond, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [942 NYS2d 204]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated

March 11, 2011, as granted the plaintiff's motion for summary judgment on the issue of liability and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the issue of liability and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

A rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see *Napolitano v Galletta*, 85 AD3d 881, 882 [2011]; *Klopchin v Masri*, 45 AD3d 737 [2007]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that the vehicle in which he was riding as a passenger was struck in the rear by the defendants' vehicle (see *Napolitano v Galletta*, 85 AD3d at 882). In opposition, however, the defendants submitted the affidavit of the defendant driver, which provided a nonnegligent explanation for the collision (*id.* at 882-883; see *Gregson v Terry*, 35 AD3d 358, 360-361 [2006]). Furthermore, the affidavit of the defendant driver raised a triable issue of fact as to the manner in which the accident occurred (see *Johnson v Yarussi Constr., Inc.*, 74 AD3d 1772 [2010]; *Boockvor v Fischer*, 56 AD3d 405 [2008]; *Kutanovski v DeCicco*, 122 AD2d 250, 251 [1986]). Under these circumstances, the plaintiff's motion for summary judgment on the issue of liability should have been denied.

However, the Supreme Court properly denied the defendants' cross motion for summary judgment dismissing the complaint because the defendants failed to establish their prima facie entitlement to judgment as matter of law (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Since the defendants failed to meet their prima facie burden, it is not necessary to consider the sufficiency of the opposition papers (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Balkin, J.P., Belen, Hall and Miller, JJ., concur.