■ ALICIA M. GIBSON, Respondent, v SEAN JAMES LEVINE et al., Appellants. [944 NYS2d 610]—

In an action to recover damages for personal injuries, the de-

fendants appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered September 7, 2011, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

"[T]he operator of a motor vehicle has a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (*Maragos v Sakurai*, 92 AD3d 922, 923 [2012]; *see Balducci v Velasquez*, 92 AD3d 626, 628 [2012]). " 'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle' " (*Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725, 726 [2011], quoting *Nsiah-Ababio v Hunter*, 78 AD3d 672, 672 [2010]; *see* Vehicle and Traffic Law § 1129 [a]; *Napolitano v Galletta*, 85 AD3d 881, 882 [2011]). "Accordingly, a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Ortiz v Hub Truck Rental Corp.*, 82 AD3d at 726; *see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Klopchin v Masri*, 45 AD3d 737, 737 [2007]; *see also Abbott v Picture Cars E., Inc.*, 78 AD3d 869, 869 [2010]; *DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d 489, 490 [2010]; *Tutrani v County of Suffolk*, 64 AD3d 53, 59 [2009]).

Here, in support of her motion, the plaintiff relied on, among other things, her deposition testimony and that of the defendant Sean James Levine. The plaintiff testified that, while her vehicle was stopped at a stop sign, her vehicle was struck in the rear by a vehicle owned by the defendant Bellmore Radiator & Collision Co., Inc., and operated by Levine. Contrary to the defendants' contentions, under the circumstances of this case, Levine's own deposition testimony established that his inattentiveness in not looking in the direction he was driving when he began to accelerate was the sole proximate cause of the accident (*see Giangrasso v Callahan*, 87 AD3d 521, 522 [2011]). Thus, the plaintiff established her prima facie entitlement to judgment as a matter of law. In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Skelos, J.P., Dickerson, Eng and Austin, JJ., concur.