■ NICOLE FRANCIS, Respondent, v J.R. BROTHERS CORP. et al., Appellants. [950 NYS2d 584]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Grays, J.), dated December 7, 2011, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

Shortly after midnight on June 19, 2010, the plaintiff was driving her 2005 Volvo eastbound on Liberty Avenue in Jamaica, Queens. At the intersection of Liberty Avenue and 168th Street, the plaintiff allegedly came to a complete stop in the left turn lane, awaiting the turn signal light. According to the plaintiff, her vehicle was still completely stationary when it was struck by a tractor-trailer, owned by the defendant J.R. Brothers Corp. and operated by the defendant Rolando Quinde, which was making a left turn onto 168th Street from the eastbound travel lane adjacent to her.

Approximately one month after joinder of issue, the plaintiff moved for summary judgment on the issue of liability. In support of her motion, the plaintiff relied upon an affidavit in which she briefly recounted her version of the accident, and a certified copy of the police accident report, which contained Quinde's admission that he did not see her vehicle prior to the collision. In an affidavit submitted by the defendants in opposition to the motion, Quinde denied that his tractor-trailer was completely within the middle travel lane of Liberty Avenue as the plaintiff

claimed, and averred that only a small portion of the tractor-trailer was in the middle travel lane because it required wide turns. Quinde also denied ever seeing the plaintiff stopped in the turning lane. Describing the accident, he maintained that he had completed 90% of his turn when he heard an impact to the rear driver's side of his trailer. He additionally asserted that as he was making his turn, he looked into his driver's side mirror and over his shoulder "to make sure no eastbound traffic was coming up from behind [him] on [his] driver side," and claimed that the cause of the accident was the plaintiff's attempt to pass him on his driver's side as he was making his left turn. The Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability. The defendants appeal, and we reverse.

The plaintiff made a prima facie showing of her entitlement to judgment as a matter of law on the issue of liability by submitting an affidavit in which she averred that she was at a complete stop in the left turn lane of Liberty Avenue when her vehicle was struck by the defendants' tractor-trailer as Quinde attempted to make a left turn from the middle travel lane, and that Quinde did not see her stopped vehicle prior to the collision, in violation of a driver's common-law duty to see that which he should have seen through the proper use of his senses (*see Steiner v Dincesen*, 95 AD3d 877 [2012]; *Zuleta v Quijada*, 94 AD3d 876 [2012]; *Hammond v Diaz*, 82 AD3d 839, 840 [2011]; *Barbieri v Vokoun*, 72 AD3d 853, 856 [2010]). Contrary to the Supreme Court's determination, however, Quinde's affidavit, which sets forth a completely different account of the accident, raised triable issues of fact as to the manner in which the accident occurred, and whether the plaintiff may have caused or contributed to it (*see Karash v Adetunji*, 56 AD3d 726, 727 [2008]; *see also Delvalle v Mercedes Benz USA, LLC*, 94 AD3d 942 [2012]; *Johnson v Yarussi Constr., Inc.*, 74 AD3d 1772, 1773 [2010]; *Ashif v Won Ok Lee*, 57 AD3d 700, 701 [2008]). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability. Rivera, J.P., Florio, Eng and Roman, JJ., concur.