■ Jose Ernesto Romero, Respondent, v Donna L. Greve et al., Appellants, and Paul Jahrsdoerfer et al., Respondents. [953 NYS2d 296]—

In an action to recover damages for personal injuries, the defendants Donna L. Greve and George M. Greve appeal from an order of the Supreme Court, Suffolk County (Martin, J.),

dated November 15, 2011, which denied their motion, in effect, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendants Donna L. Greve and George M. Greve, in effect, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

On January 16, 2008, the defendant George M. Greve was operating a vehicle (hereinafter the Greve vehicle) owned by his mother, the defendant Donna L. Greve (hereinafter together the Greve defendants). The Greve vehicle was stopped at a red traffic signal on Woodside Avenue in Medford, and the plaintiff's vehicle was stopped in front of the Greve vehicle. At some point, a vehicle operated by the defendant T.J. Jahrsdoerfer (hereinafter the Jahrsdoerfer vehicle), registered to the defendant Paul Jahrsdoerfer (hereinafter together the Jahrsdoerfer defendants), struck the Greve vehicle in the rear, propelling it forward into the plaintiff's vehicle. The plaintiff commenced this action to recover damages for personal injuries. Before depositions were conducted, the Greve defendants moved, in effect, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion, concluding that summary judgment was inappropriate because discovery had not yet taken place. The Greve defendants appeal.

Contrary to the Supreme Court's conclusion, the Greve defendants' motion was not premature. The plaintiff and the Jahrsdoerfer defendants "failed to demonstrate that discovery may lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of" the Greve defendants (*Boorstein v 1261 48th St. Condominium*, 96 AD3d 703, 704 [2012]; *see* CPLR 3212 [f]; *Norero v 99-105 Third Ave. Realty, LLC*, 96 AD3d 727, 728 [2012]; *Espada v City of New York*, 74 AD3d 1276, 1277 [2010]).

" 'As a general rule, a rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the rearmost vehicle, imposing a duty of explanation on that operator to excuse the collision either through a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on a wet pavement, or any other reasonable cause' " (*Abbott v Picture Cars E., Inc.*, 78 AD3d 869, 869 [2010], quoting *DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d 489, 490 [2010]; *see Tutrani v County of Suffolk*, 64 AD3d

53, 59 [2009]). Here, the Greve defendants established their prima facie entitlement to judgment as a matter of law by tendering evidence in admissible form demonstrating that the Greve vehicle was stopped at a red traffic signal when it was struck in the rear by the Jahrsdoerfer vehicle and propelled forward into the plaintiff's vehicle. In opposition, the plaintiff and the Jahrsdoerfer defendants failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the Greve defendants' motion, in effect, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Florio, J.P., Dickerson, Sgroi and Miller, JJ., concur.