■ ANIL SEHGAL et al., Appellants, v WWW.NYAIRPORTSBUS.COM, INC., et al., Respondents. [955 NYS2d 604]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lane, J.), dated August 10, 2011, which denied, as premature, their motion for summary judgment on the issue of liability, with leave to renew after the completion of discovery.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.

This action arose as a result of a motor vehicle collision on August 7, 2010, at the intersection of Fifth Avenue and West 57th Street in Manhattan. The plaintiffs averred that they were traveling at a rate of five miles per hour in an eastbound lane of West 57th Street, when, as they were preparing to stop at a red light, their vehicle was struck from behind by the defendants' vehicle. The defendants admitted, in their answer, that their vehicle struck the plaintiffs' vehicle. Before discovery was conducted, the plaintiffs moved for summary judgment on the issue of liability, and they submitted, inter alia, an affidavit from each plaintiff as to the facts surrounding the collision. In opposition, the defendants submitted only an attorney affirmation, in which they asserted, among other things, that the motion was premature. The Supreme Court denied the motion as premature, with leave to renew after the completion of discovery, and the plaintiffs appeal.

" 'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle' " (*Napolitano v Galletta*, 85 AD3d 881, 882 [2011], quoting *Nsiah-Ababio v Hunter*, 78 AD3d 672, 672 [2010]; *see* Vehicle and Traffic Law § 1129 [a]). Accordingly, " '[a]s a general rule, a rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the rearmost vehicle, imposing a duty of explanation on that operator to excuse the collision either through a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on a wet pavement, or any other reasonable cause' " (*Abbott v Picture Cars E., Inc.*, 78 AD3d 869, 869 [2010], quoting *DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d 489, 490 [2010]; *see Tutrani v County of Suffolk*, 64 AD3d 53, 59 [2009]).

Here, the plaintiffs' affidavits established their prima facie entitlement to judgment as a matter of law (*see Hanakis v DeCarlo*, 98 AD3d 1082, 1084 [2012]; *Napolitano v Galletta*, 85 AD3d at 882). In opposition, the defendants failed to raise a triable issue of fact (*see Hanakis v DeCarlo*, 98 AD3d at 1084; *Perez v Brux Cab Corp.*, 251 AD2d 157, 159 [1998]). They likewise failed to demonstrate that the motion was premature. A litigant seeking to avoid summary judgment on the ground that discovery has not been conducted must provide an evidentiary basis demonstrating that discovery may lead to relevant evidence or that the facts essential to opposing the motion are in the movant's exclusive knowledge and control (*see Medina v Rodriguez*, 92 AD3d 850, 851 [2012]; *Hill v Ackall*, 71 AD3d 829, 830 [2010]). The defendants made no such showing. Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability.

In light of our determination that the plaintiffs' affidavits were sufficient to meet their prima facie burden, we need not address the defendants' remaining contention. Angiolillo, J.P., Balkin, Lott and Roman, JJ., concur.