■ TASHIEMA GIFFORD, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK et al., Respondents. [959 NYS2d 728]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated March 22, 2012, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

This action arose from the alleged collision between the plaintiff's car and the defendants' truck on September 11, 2008, on the Van Wyck Expressway. It was alleged that, in slow traffic, the truck owned by the defendant Consolidated Edison Company of New York and operated by the defendant James Sullivan came into contact with the rear of the plaintiff's car, causing the plaintiff to sustain serious injury (*see* Insurance Law § 5102 [d]). After discovery was completed, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiff appeals.

Vehicle and Traffic Law § 1129 prohibits "following too closely": "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway" (Vehicle and Traffic Law § 1129 [a]; *see Sehgal v www.nyairportsbus.com, Inc.*, 100 AD3d 860, 860 [2012]; *Napolitano v Galletta*, 85 AD3d 881, 882 [2011]). Accordingly, the general rule is that "a rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the rearmost vehicle" (*Sehgal v www.nyairportsbus.com, Inc.*, 100 AD3d at 860; *see Abbott v Picture Cars E., Inc.*, 78 AD3d 869, 869 [2010]). Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that her car was stopped or stopping when the defendants' truck struck her car in the rear (*see Sehgal v www.nyairportsbus.com, Inc.*, 100 AD3d at 861). In opposition, the defendants failed to raise a triable issue of fact. Specifically, although the defendants submitted evidence that the occupants of their truck did not feel an impact with the plaintiff's car, they submitted no evidence that there had, in fact, been no impact (*see Murphy v Epstein*, 72 AD3d 767, 768 [2010]; *cf. Voskin v Lemel*, 52 AD3d 503, 503 [2008]), or that provided a nonnegligent explanation for the rear-end collision (*see Staton v Ilic*, 69 AD3d 606, 607 [2010]; *cf. Abbott v Picture Cars E., Inc.*, 78 AD3d 869-870 [2010]). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability (*see Ortiz v Fage USA Corp.*, 69 AD3d 914, 914 [2010]). Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.