■ RUTHI KURIS, Respondent, v EL SOL CONTRACTING AND CONSTRUCTION CORP. et al., Appellants. [983 NYS2d 580]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (McMahon, J.), dated January 28, 2013, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

The plaintiff's vehicle was stopped in traffic when it was struck in the rear by a vehicle owned by the defendant El Sol Contracting and Construction Corp., and operated by the defendant Patrick Pranel. The plaintiff commenced this action to recover damages for personal injuries allegedly sustained in the accident. In the order appealed from, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability.

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway" (Vehicle and Traffic Law § 1129 [a]; see Gifford v Consolidated Edison Co. of N.Y., 103 AD3d 773, 774 [2013]; Sehgal v www.nyairportsbus.com, Inc., 100 AD3d 860 [2012]; Napolitano v Galletta, 85 AD3d 881, 882 [2011]). Hence, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part

of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (*see Martin v Cartledge*, 102 AD3d 841 [2013]; *Kertesz v Jason Transp. Corp.*, 102 AD3d 658 [2013]). In chain collision accidents, the operator of the middle vehicle may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was struck from behind by the rear vehicle and propelled into the lead vehicle (*see Raimondo v Plunkitt*, 102 AD3d 851, 852 [2013]; *Hill v Ackall*, 71 AD3d 829 [2010]; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d 876 [2007]).

Here, in support of her motion, the plaintiff submitted evidence including the deposition testimony of the defendant driver, who testified that an unidentified vehicle struck his vehicle in the rear, causing his vehicle to move forward and strike the rear of the plaintiff's vehicle. This testimony revealed the existence of a triable issue of fact as to whether the defendant driver was at fault in the happening of the accident (*see Raimondo v Plunkitt*, 102 AD3d at 852; *Hill v Ackall*, 71 AD3d 829 [2010]; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d 876 [2007]). Since the plaintiff failed to establish her entitlement to judgment as a matter of law, her motion should have been denied without regard to the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Accordingly, the Supreme Court should have denied the plaintiff's motion. Dillon, J.P., Leventhal, Chambers and LaSalle, JJ., concur.