Miller v Steinberg (2018 NY Slip Op 05585)





Miller v Steinberg


2018 NY Slip Op 05585


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-10382
 (Index No. 4370/12)

[*1]Errol Anthony Miller, appellant, 
v
Herbert Steinberg, respondent.


Spar & Bernstein, PC, New York, NY (Thomas Torto and Jason Levine of counsel), for appellant.
James G. Bilello & Associates (Russo & Tambasco, Melville, NY [Susan J. Mitola and Melissa Marano], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Bernard J. Graham, J.), entered September 21, 2016. The judgment, upon an order of the same court dated February 7, 2014, denying the plaintiff's motion for summary judgment on the issue of liability, a jury verdict on the issue of liability in favor of the defendant, and an order dated December 23, 2015, denying the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law, is in favor of the defendant and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly was injured when the vehicle he was driving was struck in the rear by a vehicle owned and operated by the defendant. Thereafter, the plaintiff commenced this action to recover damages for personal injuries, and, prior to the taking of depositions, moved for summary judgment on the issue of liability. The motion was denied in an order dated February 7, 2014, and the matter proceeded to a bifurcated trial before a jury. The jury found in favor of the defendant at the conclusion of the liability phase of the trial, and upon the denial of the plaintiff's subsequent motion pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law, a judgment was entered in favor of the defendant and against the plaintiff, in effect, dismissing the complaint. The plaintiff appeals from the judgment.
"As a general rule, a rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the rearmost vehicle, imposing a duty of explanation on that operator to excuse the collision either through a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on a wet pavement, or any other reasonable cause" (DeLouise v S.K.I. Wholesale Beer Corp., 75 AD3d 489, 490; see Sehgal v www.nyairportsbus.com, Inc., 100 AD3d 860; Briceno v Milbry, 16 AD3d 448).
On his motion for summary judgment, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that his vehicle was stopped when it was struck in the rear by the defendant's vehicle (see e.g. Edgerton v City of [*2]New York, 160 AD3d 809). However, the defendant raised a triable issue of fact as to the existence of a nonnegligent explanation; namely, an unavoidable skidding on a snow-covered road (see DeLouise v S.K.I. Wholesale Beer Corp., 75 AD3d at 490). Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion for summary judgment on the issue of liability.
A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party (see Cohen v Hallmark Cards, 45 NY2d 493, 499; Weg v Kaufman, 159 AD3d 774; Nicastro v Park, 113 AD2d 129, 132).
Here, in light of the defendant's testimony regarding his speed and distance from the plaintiff's vehicle just before the collision and the testimony that he immediately applied the brakes when the plaintiff's brake lights illuminated but nonetheless was caused to skid by snowy road conditions, there was a valid line of reasoning and permissible inferences by which the jury could reach the conclusion that the defendant was not at fault in the happening of the accident (see Simpson v Eastman, 300 AD2d 647, 648; Artis v Jamaica Buses, 262 AD2d 511, 512). Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law.
The plaintiff's remaining contentions are without merit.
LEVENTHAL, J.P., SGROI, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court