Francois v Tang (2019 NY Slip Op 03029)





Francois v Tang


2019 NY Slip Op 03029


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-03447
2018-03448
 (Index No. 504477/17)

[*1]Emmanuel Francois, respondent,
v
Jefferson A.R. Tang, et al., appellants.


Ryan, Brennan & Donnelly, LLP, Floral Park, NY (John B. Telesca of counsel), for appellants.
Law Offices of Michael S. Lamonsoff, PLLC, New York, NY (Stacey Haskel and Jonathan Wachlarz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 26, 2018, and (2) an order of the same court dated February 13, 2018. The order dated January 26, 2018, adjourned the plaintiff's motion for summary judgment on the issue of liability to February 13, 2018. The order dated February 13, 2018, granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the appeal from the order dated January 26, 2018, is dismissed, as no appeal lies as of right from an order which does not decide a motion made on notice (see CPLR 5701[a][2]), and we decline to grant leave to appeal (see CPLR 5701[c]); and it is further,
ORDERED that the order dated February 13, 2018, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff allegedly was injured when a vehicle operated by the defendant Jefferson A.R. Tang and owned by the defendant Delta Airlines, Inc., backed into the plaintiff's stationary vehicle. The collision took place on a roadway within John F. Kennedy International Airport. At the time of the collision, Tang's vehicle had just pushed a Delta aircraft away from a terminal gate and was moving in reverse away from the aircraft. The plaintiff alleges that his vehicle had been stationary on the roadway for approximately 10 to 15 minutes prior to the impact. The plaintiff commenced this action to recover damages for his alleged injuries, and subsequently moved for summary judgment on the issue of liability. The Supreme Court granted the plaintiff's motion, and the defendants appeal.
The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of the defendants' negligence by demonstrating that Tang's failure to see that which he should have seen through the proper use of his senses was a proximate cause of the accident (see Francis v J.R. Bros. Corp., 98 AD3d 940, 941; see also Rodriguez v City of New York, 161 AD3d [*2]575, 576-577; Guzman v Schiavone Constr. Co., 4 AD3d 150). In opposition, the defendants failed to raise a triable issue of fact on the issue of the defendants' negligence.
Contrary to the defendants' contention, summary judgment was not premature due to outstanding discovery (see CPLR 3212[f]). The outstanding discovery identified by the defendants allegedly would lead only to evidence of the plaintiff's comparative fault. A plaintiff is no longer required to show freedom from comparative fault in order to establish a prima facie case of the defendants' liability (see Rodriguez v City of New York, 31 NY3d 312).
The defendants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the issue of liability.
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court