Wasilewska v Long Is. Compost Corp. (2025 NY Slip Op 00243)

Wasilewska v Long Is. Compost Corp.

2025 NY Slip Op 00243

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2023-03814
 (Index No. 608318/22)

[*1]Teresa Wasilewska, et al., respondents, 
v
Long Island Compost Corp., et al., appellants.

O'Toole Scrivo, LLC, New York, NY (Larry C. Green and Robert Gifford of counsel), for appellants.
Kenneth J. Ready, Mineola, NY (Gregory S. Gennarelli of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated March 27, 2023. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint and pursuant to CPLR 8303-a and 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs and their attorneys.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2021, on Middle Country Road, near Fresh Pond Avenue, in Riverhead, a vehicle operated by the plaintiff Teresa Wasilewska (hereinafter the injured plaintiff) collided with a construction vehicle owned by the defendant Long Island Compost Corp. and operated by its then employee, the defendant Oscar Baca. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendants, inter alia, to recover damages for personal injuries.
In September 2022, before the injured plaintiff was deposed, the defendants moved for summary judgment dismissing the complaint and pursuant to CPLR 8303-a and 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs and their attorneys. In an order dated March 27, 2023, the Supreme Court, among other things, denied the defendants' motion for summary judgment dismissing the complaint and pursuant to CPLR 8303-a and 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs and their attorneys. The defendants appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Soto v Colletta, 225 AD3d 819; Lopresti v Estate of Galante, 221 AD3d 798; Yasso v Town of Brookhaven, 219 AD3d 784). "'There can be more than one proximate cause of an accident'" (Lopez v Reyes-Flores, 52 AD3d 785, 786, quoting Cox v Nunez, 23 AD3d 427, 427; see Soto v Colletta, 225 AD3d at 820), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974; Soto v Colletta, 225 AD3d at 820).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting, inter alia, a transcript of Baca's deposition testimony. Baca's testimony demonstrated that, while stopped for approximately five seconds in the eastbound lane of Middle Country Road waiting to make a left turn into the driveway of his employer's farm, the vehicle that Baca was operating was struck by the injured plaintiff's vehicle, which crossed over the double-yellow line that separated the eastbound and westbound travel lanes. Thus, Baca's testimony demonstrated that the injured plaintiff violated Vehicle and Traffic Law § 1126(a) by crossing over the double-yellow line and entering the opposite lane of traffic (see Shah v MTA Bus Co., 201 AD3d 833, 834; Gute v Grease Kleeners, Inc., 170 AD3d 676, 677; Browne v Logan Bus Co., 156 AD3d 856, 857; Pearson v Northstar Limousine, Inc., 123 AD3d 991, 991) and that Baca was not at fault in the happening of the subject accident.
In opposition to the defendants' motion, the Supreme Court properly considered the injured plaintiff's affidavit. The injured plaintiff's affidavit raised triable issues of fact as to the manner in which the accident occurred and whether Baca may have caused or contributed to the happening of the accident (see Francis v J.R. Bros. Corp., 98 AD3d 940, 941; see also Singh v Thomas, 113 AD3d 748; Napolitano v Galletta, 85 AD3d 881, 883). The injured plaintiff's affidavit also raised issues of credibility, which should not be decided on a motion for summary judgment (see Mermelstein v Campbell Fitness NC, LLC, 201 AD3d 923, 924).
Furthermore, contrary to the defendants' contentions, the Supreme Court properly concluded that no entry in the certified police accident report submitted in support of the defendants' motion amounted to a party admission or an admission against interest of the injured plaintiff. Since the source of the information contained in the accident report was not identifiable, that information is inadmissible (see Memenza v Cole, 131 AD3d 1020, 1022).
Under the circumstances of this case, the plaintiffs' commencement and prosecution of the instant action was not frivolous. Therefore, the Supreme Court properly denied that branch of the defendants' motion which was to impose sanctions upon the plaintiffs and their attorneys (see CPLR 8303-a; 22 NYCRR 130-1.1; Robinson v In & Out Deli, Inc., 173 AD3d 791, 793; Wedgewood Care Ctr., Inc. v Sassouni, 68 AD3d 979, 981).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint and pursuant to CPLR 8303-a and 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs and their attorneys.
CONNOLLY, J.P., GENOVESI, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court